IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS HERNANDEZ VEGA  *
                       *
    Petitioner         *
                       *
v.                     *   Civil No. 02-1699(SEC)
                       *
UNITED STATES OF AMERICA *
                       *
    Respondent         *
***************************************

**OPINION AND ORDER**

Before the Court is Petitioner's motion for relief from judgment of conviction filed pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence (Docket # 1). The matter was referred to U.S. Magistrate Judge Justo Arenas for a report and recommendation (Docket # 9). After concluding his review, on November 9, 2004, Magistrate Judge Arenas recommended that the petition be granted in part and denied in part (Docket # 14). Petitioner then filed partial objections to the Report and Recommendation (Docket # 15) and later supplemented his partial objections (Docket # 16). For the reasons set herein, the Magistrate's Report will be **APPROVED AND ADOPTED** as our own.

**Procedural Background**

Petitioner was charged in a three-count indictment (Criminal Case 97-72; Docket # 1). The Indictment charged Petitioner with (1) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) and aiding and abetting in violation of 18 U.S.C. § 2 (Count I); (2) conspiracy to distribute in excess of five kilograms of heroin, in excess of five kilograms of cocaine, in excess of five kilograms of cocaine base, and in excess of 100 kilograms of marihuana, all in violation of 18 U.S.C. § 846 (Count II); and (3) using and carrying a firearm in relation to a drug-trafficking crime, and aiding and abetting such use in violation of 18 U.S.C. § 924(c)(1) and (2) and 18 U.S.C. § 2 respectively (Count III). After jury-trial, the jury found Petitioner guilty as to all counts. Petitioner was then sentenced on

**Civil No. 02-1699(SEC)**                                                                                         2

---

February 29, 2000 to a term of life imprisonment as to Counts I and II[1] and to a term of ten (10) years of imprisonment as to Count III to be served consecutively. Petitioner appealed and the Court of Appeals for the First Circuit affirmed his conviction. United States v. Hernández-Vega, 235 F.3d 705, 707 n.1 (1st Cir. 2000). The instant petition followed.

**Applicable Law and Analysis**

While the Court is not required to review any issue raised or resolved in a Magistrate's report that is not the subject of a timely objection by the parties in the case, once an objection is raised, "[a] judge of the [district] court shall make a *de novo* determination of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(c). These objections must be filed in a timely manner and in accordance with the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

Petitioner advanced two grounds for vacating his sentence. First, that his sentence is in contravention of Apprendi v. New Jersey, 530 U.S. 466 (2000) because the sentencing judge determined both drug quantity and his involvement in two murders under the preponderance of the evidence standard. Second, that his sentence as to Count III of the indictment violates the *Ex Post Facto* Clause of the United States Constitution and the failure of his attorney to raise the issue on appeal constituted ineffective assistance of counsel.

Magistrate Judge Arenas recommended that Petitioner's Apprendi challenge be denied and that Petitioner's request to set aside his sentence for the firearm count (Count III) be granted. Thus he recommended that the latter be vacated and that Petitioner be re-sentenced applying the penalty allowed by the statute at the time the offense was committed. Neither Petitioner nor the Government has objected to this recommendation. Thus, this part of the

---

[1] Count II was later dismissed.

**Civil No. 02-1699(SEC)**                                                                 3

---

Report and Recommendation is **APPROVED and ADOPTED** as our own. The Court will amend Petitioner's Count III sentence accordingly.[2] We will now address Petitioner's objections to the part of the Report recommending that his petition be denied.

Petitioner objects to the Magistrate's conclusion that no Apprendi error occurred in his case. Specifically, Petitioner asserts that the Magistrate failed to analyze the Apprendi error in light of the recent Supreme Court opinion of Blakely v. Washington, 124 S. Ct. 2531 (2004) as well as its progeny (Docket # 15). In his supplement to his objections, Petitioner also alleges the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005) supports his petition. Thus, he asserts that in light of this case law, since neither drug quantity nor the murders were submitted to the jury for a finding beyond a reasonable doubt, the statutory maximum of life imprisonment was never triggered and the maximum sentence on the 21 U.S.C. § 848(a) and (b) violation was 20 years.[3]

Petitioner's objections suffer a fatal flaw. Neither Booker nor Blakely applies retroactively to his sentence. The Supreme Court in Booker clearly stated that its holding applied only to those cases on direct review. Booker, 125 S. Ct. at 769. The same has been observed by the First Circuit. See, e.g., United States v. MacKinnon, 401 F.3d 8 (1st Cir. 2005)("the principles announced in Booker apply to all cases pending on direct review"). See also McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005) (concluding that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005"); In re Anderson, 396 F.3d 1336, 1339-1340 (11th Cir. 2005)(same).

---

[2] Per the Magistrate's Report, Petitioner maintained that he should have been sentenced to the five-year penalty provided by the statute when the offense was committed (Docket # 14, p. 13).

[3] Petitioner appears to misunderstand the penalties under §841. Section 841(a) establishes as a penalty a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment. 21 U.S.C. § 841(a). Thus, the statutory maximum is life imprisonment and Petitioner's sentence to that effect does not exceed the statutory maximum.

**Civil No. 02-1699(SEC)**                                                                                                    4

As to <u>Blakely</u>, the First Circuit in <u>Cuevas v. Derosa</u>, 386 F.3d 367, 367-68 (1st Cir. 2004), expressed that "a new rule of law can form the basis for a second or successive habeas petition only if that rule is 'made retroactive to cases on collateral review by the Supreme Court'" and that the Supreme Court has not made its ruling in <u>Blakely</u> retroactive to cases on collateral review (internal citation omitted). See <u>Carmona v. United States</u>, 390 F.3d 200, 202 (2d Cir. 2004) (noting that "the Supreme Court has not made the Blakely rule applicable to cases on collateral review"); <u>Simpson v. United States</u>, 376 F.3d 679, 681-682 (7th Cir. 2004)(same); <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004)(observing that "the Supreme Court has strongly implied that Blakely is not to be applied retroactively"). Thus, contrary to Petitioner's assertion, Magistrate Judge Arenas did not err in not analyzing the petition under <u>Blakely</u> and/or <u>Booker</u>. Therefore, we also **APPROVE and ADOPT** this portion of the Magistrate's Report and Recommendation.

### Conclusion

For the reasons herein stated, the Magistrate's Report and Recommendation is hereby **APPROVED and ADOPTED as our own**. Accordingly, the Court will reduce Petitioner's Count III sentence from ten to five years. An Amended Judgment in Criminal Case 97-72(SEC) will follow.

        **SO ORDERED.**
        In San Juan, Puerto Rico, this 19th day of April, 2005.

                              S/ *Salvador E. Casellas*
                              SALVADOR E. CASELLAS
                              United States District Judge