UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


CARLOS L. HERNANDEZ-VEGA,          :


           vs.                      :   Case No. 97-00072(SEC)
                                        Defendant NO. 002

UNITED STATES OF AMERICA,          :


MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)

This motion for reduction of sentence being filed by the Pro-Se litigant, Carlos L. Hernandez-Vega, respectfully requesting that this most Honorable Court, conduct the necessary evidentiary hearing which would allow the Court to properly ascertain. whether or not Petitioner's request for reduction of sentence is applicable. Petitioner was charged with a crack cocaine offense and should be an applicable candidate for sentence reduction based upon the newly amended crack law.... Additiionally, Petitioner should also receive a sentence reduction due to the level (43) not being relevant for the purpose of sentence calculation, and that Petitioner was erroneously placed in offense level (43) for reasons that are not directly related to Petitioner's federal conviction and sentence.

This Court possesses the necessary jurisdiciton to entertain this petition and grant Petitioner a reduction of sentence, in accordance with Title 18 U.S.C. §3582(c).

1

## STATEMENT OF THE CASE

On February 20th, 1998, Petitioner was arrested and subsequently charged with the offenses of continuing criminal enterprise, aiding and abetting, conspiracy to distribute heroin, and cocaine plus cocaine base, and marijuana, unlawful use of a firearm, in drug trafficking offense, and aiding and abetting, and on July 15, 1998, Petitioner proceeded to trial upon the indicted offenses, and on July 15, 1998, it was determined by the (12) member jury that Petitioner was guilty of the offenses for which he was compelled to stand trial upon, and on December 11th, 1998, Petitioner was sentenced to a term of imprisonment consisting of (life imprisonment) and a consecutive (60) month sentence.

## STATEMENT OF CLAIM FOR RELIEF

Petitioner is currently in custody by the authority of the laws of the United States, and the rules of the U.S. District Court, accordingly this Court may entertain Petitioner's request for reduction of sentence in accordance with Title 18 U.S.C. §3582.

## QUESTIONS PRESENTED

1.) Should Petitioner receive a reduction of his sentence, where the newly amended crack law was retroactively extended to individuals who were convicted upon crack cocaine?

2

2.) Should Petitioner's sentence be reduced due to Petitioner's placement in offense level (43), which is no longer relevant in calculating sentences?

3.) Should Petitioner receive an evidentiary hearing upon his request via §3582 for sentence reduction?

## LEGAL DISCUSSION

1.) In **U.S. v. Rodriquez-Pena**, (2006, CA1. Puerto Rico) 470 F.3d 431, the Appellate Court determined that §3582(c) was the appropriate vehicle for Petitioner to explore regarding Petitioner's aspiration for a reduction of sentence, providing that the U.S. Sentencing Commission has mandated and sanctioned such a reduction.

In the case at bar, Petitioner contends that the U.S. Sentencing Commission's (706) and (711), amendment's retroactive enactment, retroactively applies to Petitioner, and Petitioner's request for reduction of sentence, due to Petitioner's being disproportionally sentenced for crack cocaine, as opposed to powdered cocaine.

## LEGAL DISCUSSION

2.) The U.S. Sentencing Commission recently passed dual amendments to the sentencing guideling's (706), which avers to the fact that the base offense level concerning crack cocain offenses in most circumstances may be lowered by at least two levels...

Amendment (711) changed the crack cocaine conversion table's, this relevant circumstance pertains to where there are multiple types of drugs, they are all usually converted to marijuana for the purpose of calculating a sentence; See: U.S.S.G. §2D1.1_____, the Commission determined that this conversion is no longer a uniform amount but varies greatly from as little as 5.kg of marijuana per gram of cocaine to as high as 16.kg. of marijuana per gram of cocaine base.

In this instant matter, Petitioner again contends that he unambiguously qualifies as a legitimate candidate for §3582 sentence reduction specifically because Petitioner's drug case involved crack cocaine along with other substances, and due to the crack involved in Petitioner's case, should qualify Petitioner for a reduction of sentence in accordance with newly enacted retroactive amendments, specifically (706) and (711). And since the Commission enacted these provisions, Petitioner is entitled to seek relief in accordance with §3582. See: Rodriquez-Pena, Supra. See: U.S. v. Tyler, (2006 D.C. ME) 417 F.Supp.2d 80.

## LEGAL DISCUSSION

3.)    The U.S. Sentencing Commission's enactment of amendment (711) changed the crack cocaine conversion table's as previously mentioned herein, to indicate that cases involving multiple types of drugs they are all usually converted to marijuana for purpose of calculating a sentence.

In the case at bar, Petitioner further contends that he should have his sentence recalculated in accordance with amendment (711), and U.S.S.G. §2D1.1(I)(1)(2) "base offense level," **Marijuana equivalency**," due to there being multiple type drugs involved in Petitioner's case along with crack cocaine such as, heroin, cocaine base, marijuana, and the presence of the multiple drugs, should be enough to qualify Petitioner as a (711) amendment candidate as it pertains to recalcuation of Petitioner's sentence upon the reduction of Petitioner's sentence via this motion for reduction of sentence.

Petitioner contends that his offense level (43) placement was not directly related to current federal conviction, and as of the (706) and (711) amendments, offense level (43) is no longer relevant for the purpose of calculating sentences, as Petitioner should be offense level (36), criminal history category (11)(2) or (3), which would yield Petitioner a new sentence within the range of (210) to (262) months, upon reduction of sentence in accordance with the (711) amendment, and the crack cocaine conversion table, as it pertains to §2D1.1(I)(1)(2), as this new sentence calculation will provide Petitioner with due process within the sentencing arena.

## REASON FOR GRANTING RELIEF

It is axiomatic that Petitioner bares the burden of showing

5

via a preponderance of evidence that he is entitled to a reduction of his sentence, via §3582... The U.S. Sentencing Commission enacted amendments (706) and (711), for those prisoner's convicted of crack cocaine, and the amendment designated retroactive application applies to Petitioner, thus qualifying Petitioner to be a candidate for sentence reduction pursuant to §3582, and for this reason the Court should grant Petitioner a reduction of sentence.

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this most Honorable Court conduct an evidentiary hearing to ascertain whether Petitioner is an appropriate candidate for a sentence reduction under §3582, and if the requested evidentiary hearing yields that Petitioner is entitled to a reduction of sentence, then Petitioner requests that his current offense level of (43) be vacated along with the designated sentence for which offense level (43) mandates, and that Petitioner be placed in offense level (36) criminal category (11)(2) or (3) prescribes a penalty of (210) months to (262) months.

Date: 8-13-08

Respectfully submitted,

*Carlos Hernández Vega*
Carlos L. Hernandez-Vega
Reg. No. 41494-054

6